JS - 6

O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTHO DAVID JAMES,<br><br>               Plaintiff,<br><br>   v.<br><br>CTI MOLECULAR IMAGING INC., SIEMENS MEDICAL SOLUTIONS USA, INC., dba CTI MOLECULAR IMAGING INC., JOHN GOOSSENS, and DOES 1 to 100,<br><br>              Defendants. | Case No. EDCV 07-1194-VAP (JCRx)<br><br>**[Motion filed on July 7, 2008]**<br><br>**ORDER (1) GRANTING MOTION TO AMEND PLAINTIFF'S FIRST AMENDED COMPLAINT AND (2) REMANDING CASE TO CALIFORNIA SUPERIOR COURT FOR THE COUNTY OF RIVERSIDE** |

    The Court has received and considered all papers filed in support of, and in opposition to, Plaintiff's "Motion to Amend Plaintiff's First Amended Complaint Dismissing Third Cause of Action and to Remand Case to State Court." The Motion is appropriate for resolution without oral argument. See Fed. R. Civ. P. 78; Local Rule 7-15. For the reasons set forth below, the Court GRANTS the Motion and VACATES the hearing set for July 28, 2008.

**I. BACKGROUND**

Plaintiff Otho David James filed a Complaint on April 25, 2007, and a First Amended Complaint ("FAC") on June 29, 2007, in the California Superior Court for the County of Riverside. Defendants Siemens Medical Solutions USA, Inc., and John Goossens filed a Notice of Removal in this Court on September 17, 2007. The FAC alleges claims for age discrimination and retaliatory termination under state law, and a claim for violation of the federal Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34.

On July 7, 2008, Plaintiff filed a "Motion to Amend Plaintiff's First Amended Complaint Dismissing Third Cause of Action and to Remand Case to State Court" ("Motion" or "Mot.") and the Declaration of Thomas A. Moore. Defendants filed Opposition on July 14, 2008, along with the Declaration of Janie Schulman and a Request for Judicial Notice. Plaintiff filed his Reply on July 21, 2008, along with a further Declaration of Thomas A. Moore ("Supp. Moore Decl.").[1]

///
///
///

---

[1] The Court grants Defendants' Request for Judicial Notice, which attaches news articles concerning the backlog of civil cases in the Riverside Superior Court. Fed. R. Evid. 201.

2

## II. DISCUSSION

Plaintiff's Motion seeks leave to amend the FAC to remove his only federal claim, which was brought under the ADEA.  The Motion further requests that the Court remand Plaintiff's remaining state law claims to California Superior Court, assuming leave to amend is granted.

Defendants do not oppose Plaintiff's request for leave to amend the FAC, (Opp'n at 6), and the Court therefore grants Plaintiff leave to file the proposed Second Amended Complaint ("SAC") attached as Exhibit A to the Declaration of Thomas A. Moore.

Having granted leave to amend, the Court next addresses whether it should continue to exercise supplemental jurisdiction over the remaining state law claims in the SAC.  A district court "may decline to exercise supplemental jurisdiction . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The exercise of the court's discretion "is informed by . . . economy, convenience, fairness, and comity."  <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 (9th Cir. 1997).

Here, the Court has not yet made any substantive rulings, and judicial economy therefore does not weigh in

3

favor of continuing to exercise supplemental jurisdiction over the state law claims.  Considerations of comity support remand, as Plaintiff's remaining claims arise under state law.  With respect to convenience, the parties may use any discovery already conducted in this case in state court and thereby avoid any additional expense.

The parties have used their moving, opposing, and reply papers to trade accusations concerning the conduct of the litigation and to imply that the other side has acted in bad faith.  Without wading into the merits of the accusations and counter-accusations, the Court notes that Plaintiff apparently delayed filing this Motion to accommodate the parties' ongoing settlement discussions.  (Supp. Moore Decl. ¶ 8.)  The Court therefore declines to weigh the timing of the Motion against remand.

Defendants argue that the Court should exercise its discretion not to remand the case, because a remand would result in unfairness to them.  Specifically, Defendants are concerned that the backlog of civil cases in the Riverside County Superior Court will preclude a final judgment in this case for four or five more years.  (Opp'n at 10.)  Defendants note they potentially would be subject to a much higher amount of prejudgment interest as a result.  (<u>Id.</u>)  The unfairness Defendants cite,

however, is an unfairness equally faced by all civil litigants in the Riverside County Superior Court, including Plaintiff. The delay before reaching trial in the Superior Court therefore is not an unfairness disproportionately affecting Defendants, and the Court declines to find this a factor weighing against remand.

Accordingly, the Court GRANTS Plaintiff's Motion.

### III. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. Plaintiff shall file the Second Amended Complaint, and the case is remanded to the California Superior Court for the County of Riverside.

Dated: July 25, 2008

VIRGINIA A. PHILLIPS
United States District Judge